IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 14, 2006

## CUMECUS R. CATES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 79375     Mary Beth Leibowitz, Judge**

_____

**No. E2004-02945-CCA-MR3-PC - Filed February 28, 2006**

_____

The Petitioner, Cumecus R. Cates, appeals from the summary dismissal of his petition for post-conviction relief. The trial court summarily dismissed the petition based on its determination that the underlying conviction was on appeal to this Court. It is from the order of dismissal that the Petitioner appeals. The State concedes that the trial court erred in summarily dismissing the petition. We reverse the judgment of the trial court and remand this case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Cumecus R. Cates.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petition for post-conviction relief in this case was filed on April 1, 2004. The petition alleges that on July 18, 2003, the Petitioner pleaded guilty to and was convicted of especially aggravated robbery. The Petitioner alleges that he received a sentence of twenty years. The petition indicates that no appeal was taken concerning this conviction or sentence. The Petitioner asserted that he received the ineffective assistance of counsel which caused his guilty plea to be unknowing and involuntary.

From the record before us, it appears that the State did not file a responsive pleading. On May 5, 2004, the trial court entered an order dismissing the petition as "untimely filed," based upon the trial court's finding that "the underlying conviction in the above styled case is presently on appeal

to the Court of Criminal Appeals. . ." See Tenn. Code Ann. § 40-30-106. It is from the order of the trial court dismissing the petition that the Petitioner appeals.

The Petitioner argues that the trial court was incorrect in finding that the underlying conviction was on appeal to the Court of Criminal Appeals. The Petitioner asserts that the record reflects that no notice of appeal was ever filed, and that the guilty plea documents reflect a waiver of any appeal. In its brief, the State agrees that the trial court erred in its finding that the underlying conviction was pending on direct appeal. The State thus agrees that the trial court erred by summarily dismissing the petition for post-conviction relief. The State asks that this Court remand the case to the trial court for further proceedings.

We have been unable to find any record in this Court reflecting that the Petitioner filed a direct appeal from the especially aggravated robbery conviction referred to in the petition for post-conviction relief.[1] Based upon our review of the record, we must conclude that the trial court erred when it found that the petition for post-conviction relief should be dismissed because the underlying conviction was on appeal to the Court of Criminal Appeals. The trial court thus erred in dismissing the petition as "untimely filed." See Tenn. Code Ann. § 40-30-102.

The judgment of the trial court summarily dismissing the post-conviction petition is reversed. This case is remanded to the trial court for such further proceedings as may be warranted.

_____
DAVID H. WELLES, JUDGE

---

[1] It does appear that the Petitioner has pursued appeals in this Court concerning other convictions.